IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CLIFTON B. HENNINGTON | § | |
| #02069964 | § | |
| | § | |
| V. | § | A-21-CV-123-LY |
| | § | |
| MARY SCOPAS, | § | |
| et al. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the the George Beto Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff was convicted of aggravated robbery and sentenced to life in prison on May 9, 2016. The Third Court of Appeals of Texas affirmed Plaintiff's conviction and sentence on February 15, 2018. *Hennington v. State*, No. 03-16-00332-CR, 2018 WL 895037 (Tex. App.–Austin 2018, pet. ref'd). The Court of Criminal Appeals refused Plaintiff's petition for discretionary review

on May 9, 2018. *Hennington v. State*, No. PD-0294-18. Plaintiff did not file a petition for writ of certiorari with the Supreme Court. Plaintiff did, however, challenge his conviction in a state application for habeas corpus relief. The Texas Court of Criminal Appeals denied it without written order on April 29, 2020. *Ex parte Hennington*, Appl. No. 91,170-01. He then challenged his conviction in a federal application for habeas corpus relief. The Court dismissed the federal application as time-barred on September 14, 2020. *Hennington v. Lumpkin*, No. 1:20-CV-656-LY (W.D. Tex.). Plaintiff's appeal of the Court's dismissal order is currently pending. *Hennington v. Lumpkin*, No. 20-50853 (5th Cir.).

Plaintiff claims he is innocent. He further claims he received ineffective assistance of counsel, his conviction is the product of prosecutorial misconduct, the trial judge was biased, his trial transcript was inaccurate and missing pages, and he was wrongly convicted due to his race.

Plaintiff sues Mary Scopas, court reporter; Jesus M. Navar, defense attorney; Polk Shelton, defense attorney; Ralpheal [sic] Guerrero, Hays County Assistant District Attorney; Wesley Mau, Hays County District Attorney; and Jack Robison, Judge of the 207th Judicial District Court of Hays County, Texas. Plaintiff seeks declaratory and injunctive relief, compensatory damages in the amount of $200,000 against each defendant, and punitive damages in the amount of $3.2 million against each defendant. Plaintiff further seeks his immediate release from prison.

DISCUSSION AND ANALYSIS

A.  <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal

for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B. Habeas Claims

To the extent Plaintiff seeks his immediate release, he must seek such relief in an application for habeas corpus. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). Plaintiff has already filed a federal application for habeas corpus relief, which the Court dismissed as time-barred. Therefore, Plaintiff must obtain authorization from the Fifth Circuit Court of Appeals before he may file a successive application for habeas corpus relief. *See* 28 U.S.C. § 2244(b). Plaintiff's claims seeking habeas corpus relief should be dismissed without prejudice for want of jurisdiction.

C. Eleventh Amendment Immunity

Plaintiff's claims seeking monetary relief against Judge Robison, District Attorney Wes Mau and Assistant District Attorney Ralph Guerrero, in their official capacities are barred by Eleventh Amendment Immunity. Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities. *Holloway v. Walker*, 765 F.2d 517, 519 (5th Cir. 1985). Also, when acting in their official capacities, Texas district attorneys are considered agents

of the state, which are immune from claims for damages under the Eleventh Amendment. *Neinast v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997); *Quinn v. Roach*, 326 Fed. Appx. 280, 292–293 (5th Cir. May 4, 2009). Plaintiff's claims seeking monetary relief against Judge Robison, District Attorney Wes Mau and Assistant District Attorney Ralph Guerrero, in their official capacities, should be dismissed without prejudice for want of jurisdiction.

    D.    <u>Judicial Immunity</u>

Plaintiff's claims seeking monetary relief against Judge Robison in his individual capacity are barred by judicial immunity. It is well settled law that a judge enjoys absolute immunity from liability for damages for judicial acts performed within his jurisdiction. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *Mireless v. Waco*, 502 U.S. 9, 11 (1991). Motive of the judicial officer is irrelevant when considering absolute immunity. *See Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11-12. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (quoting *Mireless*, 502 U.S. at 12). In the case at bar, Plaintiff does not complain of any actions taken by Judge Robison

that were nonjudicial in nature nor does he show that he was acting in the clear absence of all jurisdiction. Plaintiff's claims seeking monetary relief against Defendant Robison in his individual capacity should be dismissed with prejudice as frivolous.

    E.    <u>Prosecutorial Immunity</u>

Plaintiff's claims against Defendants Mau and Guerrero in their individual capacities for monetary damages are barred by prosecutorial immunity. Prosecutors are absolutely immune from liability under the federal civil rights statutes with regard to actions taken by them within the course and scope of representing the governmental agencies and subdivisions in judicial proceedings. Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Burns v. Reed*, 500 U.S. 478, 487-92 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 427-31 (1976). "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity." *Boyd*, 31 F.3d at 285 (quoting *Buckley v. Fitzsimmons*, 509 U.S. at 273). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. *Boyd*, 31 F.3d at 285; *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993). Thus, a prosecutor is immune from civil rights liability for actions taken in connection with a judicial proceeding, even if taken maliciously. *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991); *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987).

The Court recognizes that not all prosecutorial functions are protected. In *Imbler*, the Court declared that absolute immunity applied to a prosecutor's actions in "initiating a prosecution and in

presenting the State's case." *Imbler*, 424 U.S. at 431. This immunity protected the alleged knowing use of false testimony at trial and the alleged deliberate suppression of exculpatory evidence. In *Imbler*, the Court left open the issue of whether absolute immunity applied to administrative or investigative acts. However, in *Burns*, the Court answered that question, stating that absolute immunity does not apply to investigative or administrative acts performed by prosecutors. *Burns*, 500 U.S. at 493.

In the case at hand, Plaintiff challenges actions or inactions taken by the prosecuting attorneys during Plaintiff's criminal proceedings which are protected by prosecutorial immunity. In this action Plaintiff does not allege any actions taken by either defendant that were outside the course and scope of representing the District Attorney's Office in Plaintiff's criminal proceedings. Plaintiff's claims seeking monetary damages against Defendants Mau and Guerrero in their individual capacities should be dismissed with prejudice as frivolous.

F.     Defense Attorneys

Plaintiff fails to state a valid claim against Defendants Navar and Shelton, because they are not state actors. The provisions of 42 U.S.C. § 1983 state that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. A civil rights plaintiff must show an abuse of government power that rises to a constitutional level in order to state a cognizable claim. *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986); *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir. 1980). Section 1983 suits may be instituted to sue a state employee, or state entity, using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. *See Monroe v. Pape*, 365 U.S. 167, 184 (1961); *accord, Brown v. Miller*, 631 F.2d 408, 410-11 (5th Cir. 1980). A private person may be amenable to suit only when the person

is a willful participant in joint action with the State or its agents. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). To prevail on a Section 1983 conspiracy claim against an otherwise private party, the plaintiff must allege and prove an agreement between the private party and persons acting under color of state law to commit an illegal act and an actual deprivation of the plaintiff's constitutional rights in furtherance of that agreement. *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995).

An action which is essentially a tort claim for malpractice against appointed counsel cannot be brought under §1983. *See O'Brien v. Colbath*, 465 F.2d 358, 359 (5th Cir. 1972); *Shapley v. Green*, 465 F.2d 874 (5th Cir. 1972). Likewise, no claim under § 1983 can be brought against retained counsel because retained counsel does not act under color of state law. *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985).

Plaintiff's conclusory allegations are insufficient to demonstrate his defense attorneys conspired with state actors to violate his constitutional rights. Plaintiff's claims against Defendants Navar and Shelton should be dismissed with prejudice as frivolous.

G. <u>*Heck v. Humphrey*</u>

Plaintiff's remaining claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. at 486.

Plaintiff's claims call into question the legality of his conviction. *See Clark v. Williams*, 693 F.2d 381, 382 (5th Cir. 1982) (holding plaintiff's claim that state criminal court judge, prosecutors, narcotics agents, court reporter and court clerk conspired against him to "manufacture [plaintiff] as a felony criminal" draw into question the validity or the length of plaintiff's confinement). Plaintiff's conviction has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Therefore, his claims are barred by *Heck*.

A claim that falls under the rule announced in *Heck* is legally frivolous. *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). In a preferred dismissal order, the claims are dismissed with prejudice until the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

RECOMMENDATION

It is therefore recommended that Plaintiff's habeas corpus claims be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction, Plaintiff's claims against Defendants Guerrero, Mau, and Robison in their official capacities for monetary damages be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction, Plaintiff's claims against Defendants Guerrero, Mau, and Robison in their individual capacities be **DISMISSED WITH PREJUDICE** as frivolous, Plaintiff's claims against Defendants Navar and Shelton be **DISMISSED WITH PREJUDICE** as frivolous, and Plaintiff's remaining claims be **DISMISSED WITH PREJUDICE** until the *Heck* conditions are met.

It is finally recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other

actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on March 10, 2021.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE